UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILIP J. YODER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-378 DRL-SLC |
| JON E. DEGUILIO *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Philip J. Yoder filed a *pro se* complaint [1] and a motion for a temporary restraining order [2] seeking relief from alleged constitutional violations in federal criminal cases against him. He sues Judge Jon E. DeGuilio, Magistrate Judge Michael Gotsch, former Assistant United States Attorney (and now Judge) Thomas Kirsch, United States Attorney Clifford Johnson, former AUSA Barbara Brook, AUSA John Maciejczyk, and probation officers, specifically former probation officer Miguel Oviedo. He alleges that he was imprisoned without due process of law and cites the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments [1 at 4]. He requests a temporary restraining order to prohibit the defendants from continuing to impose his sentence [2]. He moves to proceed *in forma pauperis* [4].

The court must first determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe his complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court has reviewed his complaint liberally. He alleges that he was indicted and convicted without a criminal complaint on three occasions, leading to unlawful imprisonment, and he seeks $200,000,000 in damages, the return of his property and information, and the removal of the defendants from their offices [1 at 5-6]. Mr. Yoder's complaint doesn't meet federal pleading standards.

First, Mr. Yoder names Judge DeGuilio as a defendant. Mr. Yoder cannot proceed against Judge DeGuilio because judges are immune from suit. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation and quotations omitted). Mr. Yoder seeks damages for the imposition of a sentence and an injunction ending his sentence, two things at the very heart of the judicial role. Judicial immunity bars this claim and the claim against Magistrate Judge Gotsch. *Johnson v. McCuskey*, 72 F. Appx. 475, 476-77 (7th Cir. Aug. 5, 2003). Mr. Yoder's claim for injunctive relief against the two judicial defendants is likewise barred. *Id.* at 477.

Second, Mr. Yoder sues several current and former prosecutors for actions taken in his case. "Prosecutors enjoy absolute immunity from federal tort liability, including *Bivens* liability, for their work as prosecutors." *Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 565 (7th Cir. 2022). "United States Attorneys retain broad discretion to enforce the Nation's criminal laws" because "they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to take Care that the Laws be faithfully executed." *Conley v. United States*, 5 F.4th 781, 790 (7th Cir. 2021) (internal quotations and citations omitted). Prosecutorial immunity preserves this "core executive discretion" by allowing the prosecutor to "exercise his best judgment both in deciding

which suits to bring and in conducting them in court." *Id.* at 793. Courts use "a functional test to determine whether absolute immunity applies to a particular claim" focusing on "the nature of the function the prosecutor performed, not simply the position she held." *Greenpoint*, 38 F.4th at 565 (quotations omitted). When the prosecutor acts as an advocate, absolute immunity applies. *Id.*

Here, Mr. Yoder alleges that an inappropriate process was followed because no complaints were filed before the indictments in his criminal cases. A criminal case often does begin with an indictment because of the constitutional requirement. Preparation for judicial proceedings, like those at issue here, falls within a prosecutor's advocate role. *Id.* Absolute prosecutorial immunity bars Mr. Yoder's damages claim against United States Attorney Johnson, AUSA Brooks, AUSA Kirsch, and AUSA Maciejczyk because his claims are "intimately associated with the judicial phase of the criminal process." *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012). To the extent that Mr. Yoder seeks injunctive relief against AUSA Kirsch and AUSA Brooks, it is also unavailable because neither is still an Assistant United States Attorney. *See Parker v. Lyons*, 757 F.3d 701, 706 (7th Cir. 2014).

Third, Mr. Yoder sues the probation office and Officer Miguel Oviedo. "Congress created the role of probation officers as an arm of the court, and thus they possess absolute immunity for their quasi-judicial functions." *Poulin v. Waite*, 2024 U.S. App. LEXIS 3458, 6 (7th Cir. Feb. 14, 2024) (internal citations omitted); *see also Tobey v. Chibucos*, 890 F.3d 634, 649-50 (7th Cir. 2018). This includes activities that "are analogous to those performed by judges." *Tobey*, 890 F.3d at 650 (includes decisions to grant or revoke parole). It does not extend to "day-to-day duties" like supervision. *Id.* at 650. Here, however, Mr. Yoder only seeks to enjoin the imposition of his sentence, not any other independent actions of probation officers in his case. Absolute immunity shields the probation officers.

Finally, to the extent Mr. Yoder wished to seek relief from his sentence, the appropriate mechanism is *habeas corpus* motion under 28 U.S.C. § 2255, not a motion for a temporary restraining order against the prosecutors and probation officers. That motion must have been filed within a year

3

of the date of judgment. 28 U.S.C. § 2255(f). Mr. Yoder filed a § 2255 motion that Judge DeGuilio already dismissed on May 2, 2024 [3:18-cr-00087 at ECF 105]. Mr. Yoder cannot end his sentence through alternative means after another presider dismissed his motion.

The court considered affording Mr. Yoder an opportunity to file an amended complaint, *see Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), but an amendment here would be futile given what has been said already. Accordingly, the court DENIES Mr. Yoder's motion to proceed *in forma pauperis* [4], DENIES his motion for a temporary restraining order [2], and DISMISSES his case.

SO ORDERED.

June 4, 2024                                             *s/ Damon R. Leichty*
                                                         Judge, United States District Court